IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL GANTT,<br>EDNA GANTT,<br><br>          Plaintiffs,<br><br>     v.<br><br>MR. J. DIMON,<br><br>          Defendant. | Case No. 24-cv-00108-DKW-RT<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**[1] |

On March 8, 2024, Plaintiffs Paul Gantt and Edna Gantt (collectively, Plaintiffs), proceeding without counsel, filed a Complaint against Mr. J. Dimon of Chase Bank (Defendant), alleging "[p]ain and [s]uffering for five years" and requesting, among other things, the return of their property. Dkt. No. 1. Plaintiffs also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

**I.     The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, it is not possible to assess whether Plaintiffs are entitled to proceed without prepaying fees or costs because, in the IFP Application, they have entirely failed to answer any of the questions therein. Specifically, other than a single, stray, and backwards check mark, there is no indication that any question in the IFP Application has been answered. *See* Dkt. No. 3 at 1. This means, among other things, that Plaintiffs have failed to state whether they receive any income or pay or have any assets or monthly expenses. The IFP Application is, therefore, DENIED without prejudice.

Should Plaintiffs decide to continue with this action without paying the filing fee, they must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to them. In completing a new application, Plaintiffs must not only follow the instructions when answering all questions on

the form, but actually *answer* those questions too. So it is clear, should the answer to any question be zero or "No", Plaintiffs must still answer the question with such a written response.

The failure to file a complete and accurate application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of any amended complaint that may be filed.

## II.     Screening[2]

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Even when construed in a liberal light at this early stage of the proceedings, the Complaint has at least one fundamental deficiency.[3] Specifically, the three-page Complaint contains no meaningful *factual* allegations; it is simply a

---

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] This Order should not be construed as implying there are no other deficiencies with the Complaint.

document containing conclusory statements. For example, the Complaint simply states that the FDIC sold Plaintiffs' loan and "Chase could have fixed this problem but accepted fraud for profit." Dkt. No. 1 at 2. Among other things lacking, these allegations contain no factual detail on how Chase Bank could have "fixed" any problem or even how the sale of Plaintiffs' loan constitutes a "problem[.]" This is entirely insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] Put simply, the Complaint does not come close to stating any sort of claim, plausible or not.

Therefore, the Complaint is DISMISSED. Because it is possible that amendment may cure the deficiencies identified herein, Plaintiffs may file an amended complaint in an attempt to do so. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (explaining that "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013).

---

[4] The Complaint also fails to allege any acts of Mr. J. Dimon, as opposed to those of "Chase[.]"

Should Plaintiffs choose to file an amended complaint, they must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction and venue; (2) the constitutional or statutory right(s) they believe were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do and when; (5) how the action or inaction of that defendant is connected to the violation of Plaintiffs' right(s); and (6) what specific injury they suffered because of a defendant's conduct

Plaintiffs may have until **March 26, 2024** to file both a new application to proceed in district court without prepaying fees or costs and an amended complaint.  **The Court cautions Plaintiffs that the failure to do both by March 26, 2024 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Plaintiffs (1) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240), and (2) a blank Complaint for a Civil Case (Pro Se 1).

IT IS SO ORDERED.
Dated: March 12, 2024 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

*Gantt et al. v. Dimon*; Case No. 24-cv-00108-DKW-RT; **ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**