IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL GANTT AND EDNA GANTT,<br><br>Plaintiffs,<br><br>v.<br><br>MR. J. DIMON,<br><br>Defendant. | Case No. 24-cv-00108-DKW-RT<br><br>**ORDER DIRECTING PLAINTIFFS TO COMPLY WITH COURT ORDER**[1] |

On March 12, 2024, the Court denied without prejudice Paul and Edna Gantt's (collectively, Plaintiffs) application to proceed without prepayment of fees or costs, and dismissed the Complaint with leave to amend. Dkt. No. 5. In doing so, the Court allowed Plaintiffs until March 26, 2024 to both (1) file a new application to proceed without prepayment of fees or costs or pay the filing fee for this action, and (2) file an amended complaint. Upon request, that deadline was subsequently extended to April 30, 2024. Dkt. Nos. 6-7.

As of this date, Plaintiffs have not filed a new application to proceed without prepayment of fees or costs, paid the filing fee, or filed an amended complaint. Instead, on May 1, 2024, Plaintiffs submitted *six* "letters" addressed to the

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

undersigned.   Dkt. Nos. 9-14.   None of those letters constitute an amended complaint.[2]   Therefore, Plaintiffs have failed to comply with that aspect of the March 12, 2024 Order.   As for Plaintiffs' ability or inability to proceed with this action without prepayment of fees or costs, the letters to the undersigned include neither a new application to proceed without prepayment of fees or costs nor payment of the filing fee.   Instead, in one of the letters, Dkt. No. 9, Plaintiffs indicate that, although they received the March 12, 2024 Order, they have yet to receive a blank copy of the application to proceed without prepayment of fees or costs, which the March 12, 2024 Order stated would be provided to Plaintiffs.   Despite the dubious nature of such a suggestion,[3] it misses the point.   Mailing of the blank application was a *courtesy* extended to Plaintiffs; it does not give them an excuse to ignore the Court's clear instructions even if they allegedly did not receive the blank application.   This is particularly so where, as here, Plaintiffs filed the original application to proceed without prepayment of fees or costs, Dkt.

---

[2]Arguably, some of the letters, *see* Dkt. Nos. 10-13, may have something to do with whatever it is Plaintiffs seek to allege or achieve in this lawsuit.   It is not this Court's responsibility, however, to decipher any such meaning from Plaintiffs' largely unintelligible filings, particularly where, as here, there is no operative complaint in the case.

[3]Among other things, the record reflects that a blank application to proceed without prepayment of fees or costs was "included" in the mailing of the March 12, 2024 Order to Plaintiffs.

No. 3, without needing any assistance from the Court.[4]   Therefore, Plaintiffs have also failed to comply with this aspect of the March 12, 2024 Order.[5]

Despite Plaintiffs' failure to follow the clear and straightforward instructions in the March 12, 2024 Order, the Court will provide them with a **final** opportunity to both (1) file a new application to proceed without prepayment of fees or costs or pay the $405 filing fee for this action, and (2) file an amended complaint.   Should Plaintiffs fail to do both of those things by **May 21, 2024**, this action **will be dismissed without further notice for failure to comply with the Court's orders**. So it is clear, while a blank application to proceed without prepayment of fees or costs will again be mailed to Plaintiffs, the alleged failure to receive any such application will not serve as a continuing excuse for failing to comply with the Court's instructions.

---

[4] A blank application is available on the Court's website and from the Court Clerk's office.
[5] In another of their letters, Plaintiffs allegedly provide information related to their "income" and expenses.   Dkt. No. 14.   Apart from the fact that said letter provides no information for Plaintiff Edna Gantt's income, at best, it appears to reflect that Plaintiff Paul Gantt may receive at least $5,600 in monthly income while incurring roughly $3,700 in monthly expenses.   Such information would not suggest Plaintiffs' inability to pay the $405 filing fee in this case.   *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is DIRECTED to mail Plaintiffs (1) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240), and (2) a blank Complaint for a Civil Case (Pro Se 1).

IT IS SO ORDERED.

Dated: May 3, 2024 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Gantt et al. v. Dimon*; Case No. 24-cv-00108-DKW-RT; **ORDER DIRECTING PLAINTIFFS TO COMPLY WITH COURT ORDER**